NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2014[*]
Decided September 22, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-2411

| | |
|---|---|
| JANET FENNERTY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:11–cv–08815 |
| BOARD OF EDUCATION OF THE CITY OF CHICAGO, et al., | John J. Tharp, Jr., |
| *Defendants-Appellees.* | *Judge.* |

## O R D E R

Janet Fennerty, along with dozens of other Chicago public school teachers, was laid off in June 2011. She filed a lawsuit claiming that the Board of Education violated her right to procedural due process when it laid her off without first allowing her "to demonstrate that she is qualified to fill a vacant position in preference to new hires." As

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

a tenured teacher, she alleged, she was entitled to "continue her employment in any position she was qualified and able to fill" within CPS. (Fennerty also raised another federal claim, which she later withdrew, and several claims under state law—including that the Board had discharged her in bad faith—over which the district court declined to exercise supplemental jurisdiction. Fennerty does not challenge this ruling on appeal, so we need not say more about it.) The district court dismissed Fennerty's suit for failure to state a claim. We affirm the dismissal.

This appeal was briefed before we decided *Price v. Board of Education of Chicago*, 755 F.3d 605 (7th Cir. 2014), which puts to rest Fennerty's due-process claim, the only claim before us. We held in *Price* that because of the 1995 amendments to the tenured-teacher statute, 105 ILL. COMP. STAT. 5/34–84, tenured teachers "no longer have a property interest in their jobs that allows them to seek out and fill any vacancies in CPS before being laid off." *Id.* at 609–10. Fennerty has acknowledged that decision in a letter to the court, *see* FED. R. APP. P. 28(j), but she says that her situation is different because, unlike the plaintiff in *Price*, she alleged in her complaint that the Board had laid her off in bad faith. We declined in *Price* to consider the argument that the Board's "massive economic layoff" of Chicago teachers was in bad faith because the plaintiff had not raised that argument in her complaint. 755 F.3d at 606, 611. Fennerty did allege that she was discharged in bad faith as retaliation for her actions as a member of a local school council, but the district court concluded that she did not base her due-process claim on that theory.

We agree with the district court. The claim before us is identical to the due-process claim that we rejected in *Price*. Fennerty's due-process claim originally incorporated by reference allegations that the Board had removed her in bad faith. But her response to the Board's motion to dismiss omits all reference to bad faith in discussing her due-process claim; instead, the response asserts only a procedural right, protected by the Due Process Clause, to "show she can do the work required of any open position before she can be laid off." Moreover, Fennerty emphasizes this narrow legal contention by telling us in her appellate brief that this appeal concerns only "[w]hether teachers who are granted tenure under 105 ILCS 5/34–84 have a property right in their continued employment" and "[w]hether under the Due Process Clause a tenured teacher—prior to her layoff—can protect her continued employment by showing there is a vacant teaching position she is qualified to fill." As we have said, both of those issues—neither of which depends on the truth of the stated reason for Fennerty's layoff—were decided in *Price*. 755 F.3d at 609–10.

At one point in her appellate brief, Fennerty does try to recast her due-process claim by contending that the Board's refusal to place her in "an open position prior to laying her off" demonstrates as a matter of law that the Board discharged her in bad faith. That understanding of "bad faith" runs headlong into our holding in *Price* that the Board may lay off tenured teachers without first allowing them to fill vacant positions. Had Fennerty instead pressed a claim that the Board violated her right to due process by discharging her, under the guise of a layoff, as retaliation for her actions as a member of a local school council, *see, e.g., Ferkel v. Bd. of Educ. of Chicago*, 11 C 09322, 2014 WL 2209004, at *6–8 (N.D. Ill. May 28, 2014), her case would be distinguishable from *Price.* But her appellate brief makes clear that "[t]he claims related to that retaliation are not before this Court."

AFFIRMED.